**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **JERRY WILLIAMS, SR.,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **3:26-cv-00032-TES** |
| **HUB GROUP, INC.,** | |
| *Defendant.* | |

## ORDER DIRECTING SERVICE

Asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, pro se Plaintiff Jerry Williams, Sr., filed a complaint against Defendant Hub Group, Inc. [Doc. 1]. When Plaintiff filed his complaint on March 24, 2026, he also paid the Court's $405 filing fee. Given that Plaintiff paid the filing fee, he was not proceeding *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a),[1] and his complaint was not subject to frivolity review under § 1915(e). Therefore, he wasn't automatically entitled to court-ordered service "by a United States marshal or deputy marshal" pursuant to Federal Rule of Civil Procedure 4(c)(3) for any claim that might've survived frivolity review.

Having paid the filing fee, Plaintiff placed his case on a non-IFP tract for service,

---

[1] "Despite the statute's use of the" word "prisoner," 28 U.S.C. § 1915 "applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

and under Rule 4(m), he had 90 days—until June 22, 2026—to serve a summons and his complaint on Defendant. Fed. R. Civ. P. 4(c)(1). As of June 23, 2026, there was nothing on the record to indicate that Plaintiff had properly served Defendant in one of the ways proscribed by Rule 4(h), so the Court ordered him to show cause why this action should not be dismissed for failure to timely perfect service of process. [Doc. 5]; *see also* Fed. R. Civ. P. 4(e)(1).

Previously, Plaintiff informed the Court that he "personally mailed" a summons and his complaint to Defendant's corporate office on May 20, 2026. [Doc. 4, p. 1]. Then, in its show-cause order, the Court told Plaintiff that "mailing a copy of the complaint and summons is not sufficient to effect proper service" under either Rule 4, Georgia law, or Illinois law. Fed. R. Civ. P. 4(e)(1) & (h); O.C.G.A. § 9-11-4(e); IL ST. CH. 110 ¶ 2-204; *Brown v. Wersant*, No. 1:10-CV-02203-WSD-GGB, 2010 WL 11647271, at *1 (N.D. Ga. Nov. 23, 2010) ("Service by mail is insufficient service under both the federal rules and state law."), *report and recommendation adopted*, No. 1:10-CV-2203-WSD, 2011 WL 13319116 (N.D. Ga. Feb. 10, 2011); *Cruz v. Cap. Fitness, Inc.*, No. 1-24-1833, 2025 WL 3772507, at *4–7 (Ill. App. 1st Dist. Dec. 31, 2025). So, rather than file any direct response to the Court's show-cause inquiry regarding his failure to timely perfect service, Plaintiff simply filed a copy of his receipt from the United States Postal Service to show that he mailed (the Court assumes) a summons and a copy of his complaint to the DuPage County Sheriff's Office in Wheaton, Illinois, for it to effectuate service on his

behalf. [Doc. 8]. Whether Plaintiff has communicated with the DuPage County Sherriff's Office regarding a request for someone in that office to serve Defendant in accordance with Illinois law is, of course—because of Plaintiff's lack of direct response to the Court's show-cause inquiry—unclear. IL ST. CH. 110 ¶ 2-204. That said, after the Court issued its show-cause order, Plaintiff also sought leave to proceed IFP ostensibly to have the Court order service on his behalf pursuant to Rule 4(c)(3). [Doc. 9]. In other words, he's asking the taxpayers to cover his service costs.

In construing Plaintiff's IFP motion as one relying on Rule 4(c)(3), the Court notes that "service by [a United States marshal or deputy marshal] is not inexpensive." *Ezzard v. Ajibade*, No. CV 314–141, 2015 WL 1880293, at *5 (S.D. Ga. Apr. 24, 2015). Still, under Rule 4(c)(3), "a plaintiff who is not proceeding [IFP] may, like all plaintiffs, [seek an] order [directing] [a] [m]arshal to serve process." *Thomas v. Spivey*, No. 5:18-cv-8, 2019 WL 1928505, at *2 (S.D. Ga. Apr. 30, 2019) (citing Fed. R. Civ. P. 4(c)(3)). While the Court must order such service for plaintiffs proceeding IFP on non-frivolous claims, "[i]t is within the [C]ourt's discretion whether to grant such requests" for those who—like Plaintiff—paid the filing fee and are not proceeding IFP. *Thomas*, 2019 WL 1928505, at *2 (citing *Pruitt v. Langer Transp. Corp.*, No. 3:17-CV-570-WC, 2018 WL 3326847, at *1 (M.D. Ala. Jan. 23, 2018) (explaining, "court appointment of [marshal service under Rule 4(c)(3)] is discretionary")).

After consideration of Plaintiff's affidavit of indigency, the Court finds that he

meets the financial requirements for IFP status strictly regarding service-related costs. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."); [Doc. 9]. Thus, the Court **GRANTS** his motion **in part** as it will not refund the filing fee paid on March 24, 2026.

Since Plaintiff is now proceeding IFP with respect to costs associated with service, the Court is statutorily obligated to conduct a frivolity review of his complaint to determine whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review, the Court finds that Plaintiff's ADA-based discrimination claim for failure to accommodate and his ADA-based retaliation claim are sufficiently pled to survive frivolity review. *See generally* [Doc. 1]. However, Plaintiff's claim for attorney's fees cannot proceed because he is proceeding pro se. [*Id.* at p. 15 (seeking "reasonable attorney's fees pursuant to 42 U.S.C. § 12205")]. While courts have discretion in allowing a prevailing party to recover reasonable attorney's fees as part of the costs of litigation, "[a] pro se plaintiff cannot recover attorney's fees for representing [himself]." *See DeBose v. USF Bd. of Trs.*, 811 F. App'x 547, 556–57 (11th Cir. 2020); *Kay v. Ehler*, 499 U.S. 432, 435–38 (1991) ("The Circuits are in agreement . . . on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled

to attorney's fees."). Since Plaintiff is proceeding without the assistance of a licensed attorney in this case, he "is not entitled to attorney's fees for [his] own work"—even if he prevails on his claims. *DeBose*, 811 F. App'x 556–57 (citing *Kay*, 499 U.S. at 435–38).

Accordingly, the Court **DISMISSES** Plaintiff's claim for attorney's fees **without prejudice** and **ORDERS** that service be made on Hub Group, Inc., by a United States marshal in accordance with Rule 4(c)(3) and applicable law.

**SO ORDERED**, this 21st day of July, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**